UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:23-cv-02201-JVS-ADS                    Date   May 18, 2026

Title   Walker Products, Inc. v. Yue Frank Cong et al

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Motion for Stay of Execution of
Judgment [Dkt. No. 409]**

Before the Court is Defendant Yue Frank Cong's ("Cong") motion for stay of
execution of judgment pending disposition of post-trial motions.  (Mot., Dkt. No. 409.)
Plaintiff Walker Products, Inc. ("Walker"), opposed.  (Opp'n, Dkt. No. 422.)  Cong
replied.  (Reply, Dkt. No. 430.)

For the following reasons, the Court **GRANTS-in-part** the motion and stays the
execution of judgment subject to a bond in the amount of $11 million.

## I. BACKGROUND

On March 19, 2026, the Court entered judgment in this matter for $11 million in
total damages following a jury verdict in Walker's favor on each of its claims.  (See
Judgment, Dkt. No. 371.)  Cong subsequently renewed his motion for judgment as a
matter of law.  (Dkt. No. 406.)  Cong now seeks a stay of execution of judgment pending
the disposition of this motion and a waiver of supersedeas bond.  (See Mot.)

## II. LEGAL STANDARD

A district court's judgment becomes enforceable fourteen days after the judgment
is entered.  Fed R. Civ. P. 62(a).  After fourteen days, "a prevailing plaintiff is entitled to
execute upon a judgment."  Columbia Picture Television, Inc. v. Krypton Broad. of
Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001).  However, "[a]t any time after
judgment is entered, a party may obtain a stay by providing a bond or other security" and
"takes effect when the court approves the bond or other security."  Fed. R. Civ. Pro.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:23-cv-02201-JVS-ADS                    Date   May 18, 2026

Title        Walker Products, Inc. v. Yue Frank Cong et al

62(b).  The purpose of a supersedeas bond is to protect the prevailing plaintiff from loss resulting from the stay and to compensate for the delay in the entry of judgment.  See NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988); see also Acacia Res. Corp. v. Nat'l Union Fire Ins. Co., No. SA-CV-05-501, 2008 WL 4381649, at *2 (C.D. Cal. Sept. 9, 2008).

District courts have "inherent discretionary authority in setting supersedeas bonds."  Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).  "The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay."  Adzick v. Unum Life Ins. Co of Am., 2003 WL 21011345 (D. Minn. Apr. 16, 2003).  Courts in this district generally set the bond amount at 110% of the judgment, plus interest.  See Acacia, 2008 WL 4381649, at *2; see also Cotton ex rel. McClure v. City of Eureka, Cal., 860 F.Supp.2d 999, 1029 (N.D. Cal. 2012) ("Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required.").

When a party seeks to waive the bond requirement entirely, courts in this circuit apply the factors articulated in Dillon:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Dillon v. City of Chicago, 866 F.2d 902, 904–905 (7th Cir. 1988); see Kranson v. Fed. Express Corp., No. 11-cv-05826, 2013 WL 6872495, at *1 (N.D. Cal. 2013) (applying the Dillon factors).

### III.  DISCUSSION

At bottom, Cong requests a waiver of the bond requirement due to the substantial issues raised in its post-judgment motions and his "limited means."  (Mot. at 5–6; Reply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:23-cv-02201-JVS-ADS          Date   May 18, 2026

Title   Walker Products, Inc. v. Yue Frank Cong et al

at 4.)  Cong also argues that the length of the requested stay—only during the pendency of the post-judgement motions as opposed to during an appeal—warrants a waiver. (Reply at 4.)

To its first argument, the Court declines to litigate the merits of Cong's post-judgment motions in the context of a motion to stay execution.  Further, this is not a factor for the court's consideration under Dillon.  See Dillon, 866 F.2d at 904–905.

A brief review of the Dillon factors reveals that the core of a court's decision to waive a bond is a showing by the defendant that judgment can be expeditiously paid in full upon resolution of any outstanding issues.  See id.  Cong makes no such showing. With regard to the first Dillon factor, he argues that Walker has failed to show that the collections process is complex simply because Cong maintains overseas accounts. (Reply at 6–7.)  However, Cong confuses the burden under Dillon and does not himself provide evidence that collection will be simple.  (Id,); see Dillon, 866 F.2d at 904–905 (noting that the party seeking review "may move that the district court employ its discretion to waive the bond requirement").

The final three Dillon factors similarly weigh against waiver.  Factors three and four both go to the movant's ability to pay the judgment such that a bond would be unnecessary.  See Dillon, 866 F.2d at 904–905 (identifying the court's "degree of confidence" in the availability of funds and the movant's "ability to pay").  In his moving papers, Cong argues that the "cost of a bond is prohibitive in light of his financial circumstances," which directly undermines the court's confidence in the availability of funds or his ability to pay.  (Reply at 4; Mot. at 6.)  These are particularly important factors given that the purpose of a bond is to "protect the prevailing plaintiff from the risk of a later uncollectible judgment."  Westphal, 859 F.2d at 819.  As to the fifth factor, Cong only argues that his "financial precarity" weighs in favor of it but he does not identify any creditors that would be placed in an insecure position under this Dillon factor.  (Reply at 8–9); see Dillon, 866 F.2d at 905.

While the Court agrees that the short duration of a stay pending post-judgment motions leans in favor of the second Dillon factor, it does not overcome the weight of the other factors described above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:23-cv-02201-JVS-ADS                    Date    May 18, 2026

Title    Walker Products, Inc. v. Yue Frank Cong et al

Given his "financial precarity," the Court finds that Cong must post a bond to protect Walker's interests in the judgment during a stay of execution.  Cong has provided no persuasive evidence that a bond should be any less than the full amount of the judgment.  See Rachel, 831 F.2d at 1505 n.1.

**IV.  CONCLUSION**

For the foregoing reasons, the Court **GRANTS-in-part** the motion and stays the execution of judgment subject to a bond in the amount of $11 million.

Cong shall file a copy of the bond with this Court within five (5) days of the filing of this Order.

**IT IS SO ORDERED.**